FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP 29 2005

DAVID J. MALAND, CLERK
BY
DEPUTY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　　Plaintiff,<br><br>VS.<br><br>FLYING J., INC.<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 1:05cv662<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

### NATURE OF THE ACTION

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to afford appropriate relief to Christal Julian who was adversely affected by the below described unlawful practices. In this lawsuit, Plaintiff, Equal Employment Opportunity Commission ("Commission"), alleges that Flying J, Inc. ("Defendant") unlawfully discharged Ms. Julian because she was pregnant.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et.seq*, ("Title VII") in Section 706(f)(1) and (3), 42 U.S.C. Section 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

3. The employment practices alleged to be unlawful were committed in Orange, Texas which is within the jurisdiction of the United States District Court for the Eastern District of Texas, Beaumont Division.

4.     Venue is proper within the jurisdiction of the United States District Court for the Eastern District of Texas, Beaumont Division.

## PARTIES

5.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) of Title VII, 42 U.S.C. Section 2000e-5(f)(1).

6.     At all relevant times, Defendant, Flying J, Inc., has continuously been doing business in the State of Texas, the City Orange and Jefferson County, Texas, and has continuously had at least fifteen (15) employees. Defendant Flying J, Inc. may be served with process by serving its registered agent in Texas, Corporation Service Company D/B/A+, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

7.     At all relevant times, Defendant Flying J, Inc. has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8.     More than thirty days prior to the institution of this lawsuit, Christal Julian filed a charge of discrimination with the Commission against the Defendant alleging violations of Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled including the timely filing of a charge, and an attempt to conciliate the matter.

9.     Since at least 2005, Defendant have engaged in unlawful employment practices in violation of Sections 703(a)(1) and 701(k) of Title VII, 42 U.S.C. Sections

2000e-2(a)(1) and 2000e(k). The practices include subjecting its female employees to unlawful sex discrimination on the basis of pregnancy.

10. In or about February 2005, Ms. Julian was hired as one of Defendant's maintenance employees at its Orange, Texas location. In late April, 2005, she advised her supervisor, Dennis Kidd, that she was pregnant. Mr. Kidd laid her off. When she objected to his decision, he advised her that she could apply for re-employment after her baby was born - once she "[got] this pregnancy situation taken care of". Mr. Kidd discharged her because of her pregnancy.

11. Ms. Julian informed Mr. Kidd that she required a written statement outlining the basis for her discharge. Mr. Kidd gave her a note which stated "Due to her condition and work load at this time, I'm letting her go at this time. She can reaply[sic] at a later time."

12. Mr. Kidd also listed "health reasons" as part of the explanation for her termination on the company's employee status change form. The company's employee termination form for Ms. Julian also noted "health reason" in the comment section of the form. The only "condition" or "heath reason" Ms. Julian had was her pregnancy.

13. The effect of these unlawful practices has been to deprive Ms. Julian and possibly other female employees of equal employment opportunities, and to otherwise adversely affect their status as employees because of their pregnancy.

14. The unlawful employment practices complained of above were intentional.

15. Defendant, at all relevant times, committed the unlawful employment practices with malice or in reckless disregard of the federally protected rights of Ms. Julian.

### PRAYER FOR RELIEF

16. Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Flying J, Inc., its officers, successors, assigns and all persons in active concert or participation with them, from engaging in discrimination against pregnant employees and from engaging in any other employment practice which discriminates against individuals on the basis of sex.

B.  Order Defendant Flying J, Inc. to institute and carry out policies, practices and programs which provide equal employment opportunities for female employees, and which eradicate the effects of its past and present unlawful employment practices.

C.  Grant a judgment requiring Defendant Flying J, Inc., to make Christal Julian whole by providing appropriate back wages and pre-judgment interest, in an amount to be determined at trial, as well as any other affirmative relief necessary to eradicate the effects of Defendant' unlawful employment practices, including, but not limited to, reinstatement of Ms. Julian or order an award of front pay in an amount to be proved at trial if reinstatement is impractical.

D.  Order Defendant Flying J, Inc. to make Christal Julian whole by providing compensation for past and future pecuniary loses, including medical expenses and job search expenses, in an amount to be determined at trial.

E.  Order Defendant Flying J, Inc. to make Christal Julian whole by providing compensation for non-pecuniary losses, including emotional pain and suffering, in amounts to be determined at trial.

F.  Order Defendant Flying J, Inc. to pay Christal Julian punitive damages for its malicious and/or reckless conduct, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper.

H.  Award the Commission its costs of this action.

### JURY DEMAND

17. The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

1801 L. Street, N.W.
Washington, D.C. 20507

By: _____
Kathy D. Boutchee
Attorney-in-Charge
TBN: 02717500
SDN: 10145
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3399
Fax: (713) 209-3402
Email: kathy.boutchee@eeoc.gov

ATTORNEYS FOR PLAINTIFF

OF COUNSEL

_____
Jim Sacher
Regional Attorney
Houston District Office
1919 Smith, 7th Floor
Houston, Texas 77002
(713) 209-3398
Fax: (713) 209-3402

P:\Litigation 05\Flying J\Flying J Complaint.wpd